1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GANESSA CABRAL-EDMONSON, | Case No.  1:21-cv-01404-NONE-SAB |
| Plaintiff, | ORDER REQUIRING PATRICK KHALIL TO PAY SANCTIONS OF $50 PER DAY |
| v. | ORDER DIRECTING THE CLERK OF COURT TO SERVE THIS ORDER BY MAIL ON PLAINTIFF'S COUNSEL |
| LOWE'S HOME CENTERS, LLC, et al., | |
| Defendants. | (ECF No. 10) |

**I.**

**BACKGROUND**

Plaintiff Ganessa Cabral-Edmonson initiated this action in the Superior Court of Tulare County on June 30, 2021.  (ECF No. 1-1.)  Defendant Lowe's Home Centers, LLC removed the action to the Eastern District of California on September 21, 2021.  (ECF No. 1.)  On September 21, 2021, the Court issued an order setting the mandatory initial scheduling conference for November 19, 2021.  (ECF No. 3.)  Pursuant to the September 21, 2021 order, the parties were required to file a joint scheduling report one week prior to the scheduling conference.  (Id. at 2.) The order also provided that if a party failed to participate in the joint report, the "offending party may be subject to sanctions, including monetary sanctions to compensate the non−offending party's time and effort incurred in seeking compliance with this Scheduling Order." (Id.)  Further, the Clerk of the Court noted attorney Patrick Khalil, counsel for Plaintiff, was not registered to

1  practice in the Eastern District of California and was required to register for admission to practice

2  in the Eastern District of California through the PACER.gov website.  (ECF No. 4.)

3      Defense counsel submitted the parties' joint scheduling report and an amended scheduling

4  report on October 28, 2021 and November 3, 2021, respectively.  (ECF Nos. 7, 9.)  On November

5  19, 2021, counsel Patrick Khalil failed to appear.  (ECF No. 11.)  Further, counsel Patrick Khalil

6  has failed to register for admission to practice in the Eastern District of California.

7      On November 19, 2021, the Court issued an order requiring Plaintiff's counsel to show

8  cause why sanctions should not be imposed for his failure to appear at the scheduling conference

9  and failure to comply with Local Rule 135(g).[1]  (ECF No. 10.)  Thus, the deadline for counsel

10  Patrick Khalil to respond to the order to show cause was November 23, 2021.  (<u>Id.</u>)  That deadline

11  has passed, and counsel Patrick Khalil has not filed any response to the Court's order, nor has he

12  registered for admission to practice in the Eastern District of California.

## II.

## LEGAL STANDARD

15      The Federal Rules of Civil Procedure provides that the underlying purpose of the rules is to

16  secure the just, speedy and inexpensive determination" of an action.  Fed. R. Civ. P. 1.  To

17  effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court

18  orders or that unnecessarily multiply the proceedings.  <u>See</u>, <u>e.g.</u>, Fed. R. Civ. P. 16(f); Fed. R. Civ.

19  P. 37(b).  Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey

20  a scheduling or other pretrial order.

21      The Court also possesses inherent authority to impose sanctions to manage its own affairs

22  so as to achieve the orderly and expeditious disposition of cases.  <u>Chambers v. NASCO, Inc.</u>, 501

23  U.S. 32, 43 (1991).  The Court's inherent power is that which is necessary to the exercise of all

24  others, including to protect the due and orderly administration of justice and maintain the authority

---

[1] Local Rule 135(g) provides, in relevant part, "All attorneys who wish to file documents in the Eastern District of California must be admitted to practice or admitted to appear <u>pro</u> <u>hac</u> <u>vice</u>.  Admission to practice in the Eastern District of California includes the requirement that the attorney complete an e-filing registration form and receive a username and password . . . In conjunction with the court filing registration requirement, registration for PACER, <u>see</u> L.R. 135(g)(3), is also mandated in order to permit access to images of documents maintained within court electronic records."

and dignity of the Court.  <u>Roadway Exp., Inc. v. Piper</u>, 447 U.S. 752, 764 (1980).  In order to coerce a defendant to comply with the Court's orders, the Court may issue sanctions for every day the defendant fails to respond to the Court's orders to show cause.  <u>See</u> <u>Lasar v. Ford Motor Co.</u>, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.  Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney."  E.D. Cal. L.R. 184(a).  "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."  <u>Id.</u>

### III.

### DISCUSSION

Here, counsel for Plaintiff, Patrick Khalil, has failed to comply with the order requiring him to show cause in writing why sanctions should not issue for the failure to appear at the November 19, 2021 mandatory scheduling conference and the failure to register for admission to practice in the Eastern District of California, as required under Local Rule 135(g).

The Court finds that monetary sanctions are appropriate to compel Mr. Khalil to respond to this Court's orders.  Therefore, a daily sanction shall be imposed to compel Mr. Khalil to respond. Mr. Khalil shall pay a sanction of $50.00 for each day that he fails to respond to this Court's order to show cause.

///

///

///

**VI.**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Patrick Khalil, counsel for Plaintiff, shall pay the Clerk of the Court $50.00 per day until he files a response to the November 19, 2021 order to show cause.

The Clerk of the Court is DIRECTED to serve a copy of this order on attorney Patrick Khalil by mail.

IT IS SO ORDERED.

Dated:   **November 29, 2021**

UNITED STATES MAGISTRATE JUDGE